UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MATTHEW H.,

            Plaintiff,

v.                                                                    6:24-CV-01030
                                                                      (ML)
COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.

_____

APPEARANCES:                                                          OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON PLLC                                  STEVEN R. DOLSON, ESQ.
  Counsel for the Plaintiff
6320 Fly Road - Suite 201
East Syracuse, New York 13057


SOCIAL SECURITY ADMINISTRATION                                        HUGH DUN RAPPAPORT, ESQ.
  Counsel for the Defendant                                        Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

## <u>ORDER</u>

Currently pending before the Court in this action, in which Plaintiff seeks judicial review

of an adverse administrative determination by the Commissioner of Social Security, pursuant to

42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

---

[1]    This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

in connection with those motions on March 18, 2026, during a telephone conference conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)      Plaintiff's motion for judgment on the pleadings (Dkt. No. 17) is DENIED.

2)      Defendant's motion for judgment on the pleadings (Dkt. No. 21) is GRANTED.

3)      The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)      Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)      The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: March 19, 2026
Binghamton, New York

_Miroslav Lovric_

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

2

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------x
MATTHEW H.,

                              Plaintiff,

vs.                        6:24-CV-1030

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
-----------------------------------------------x

        Transcript of a **Decision** held during a

Videoconference on March 18, 2026, the HONORABLE

MIROSLAV LOVRIC, United States Magistrate Judge,

Presiding.



                A P P E A R A N C E S

                    (By Video)

For Plaintiff:      STEVEN R. DOLSON, ESQ.
                    Attorney at Law
                    6320 Fly Road - Suite 201
                    East Syracuse, New York  13057

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of the General Counsel
                    6401 Security Boulevard
                    Baltimore, Maryland  21235
                      BY:  HUGH DUN RAPPAPORT, ESQ.



            *Jodi L. Hibbard, RPR, CSR, CRR*
        *Official United States Court Reporter*
              *100 South Clinton Street*
          *Syracuse, New York  13261-7367*
                *(315) 234-8547*

(All present by Video.)

THE COURT:  Well, the Court's going to begin its decision, reasoning, and analysis as follows.

Plaintiff has commenced this proceeding pursuant to Title 42 United States Code Section 405(g) to challenge the adverse determination by the Commissioner of Social Security finding that he was -- finding that the plaintiff was not disabled at the relevant times and therefore ineligible for the benefits that plaintiff sought.

By way of background, the court notes as follows: Plaintiff was born in 1993.  Plaintiff is currently approximately 32 years of age.  Plaintiff was approximately 28 years of age on the date of his application for benefits.

At the time of his administrative hearing on November 17, 2023, plaintiff lived with his parents.  He is a high school graduate who attended two years of college.

Plaintiff work -- plaintiff's work history, I should say, includes jobs as an office assistant in an insurance brokerage and most recently, as an assistant golf pro at a country club.  Plaintiff testified that he has not worked since September of 2021 due to the functional limitations imposed by his ankylosing spondylitis, which is an inflammatory arthritis of the lumbar spine that causes aching pain and makes it difficult to walk or sit for extended periods.  Plaintiff also experiences joint pain and

neuropathy caused by an autoimmune disorder.  Plaintiff's primary care provider prescribed medication for anxiety and depression, but plaintiff had not received any specialized mental health treatment after his alleged onset date.

Procedurally, the Court notes as follows: Plaintiff applied for Title II and Title XVI benefits on February 2nd, of 2022, alleging an onset date of September 5 of 2021.  In support of his application for benefits, plaintiff claims disability based on a number of physical and mental health impairments, including autoimmune hepatitis, ankylosing spondylitis, Wernicke-Korsakoff syndrome, neuropathy, and anxiety.

Administrative Law Judge Jeremy Eldred conducted a hearing on November 17, 2023 to address plaintiff's applications for benefits.  ALJ Eldred issued an unfavorable decision on December 20th of 2023.  That decision became the final determination of the Agency on June 26th of 2024, when the Appeals Council denied plaintiff's request for review. This civil action was commenced on August 21 of 2024, and it is timely.

In his December 20th, 2023 decision at issue in this case, the ALJ first determined that plaintiff met the insured status requirements of the Social Security Act through September 30th of 2023, and then the ALJ commenced the familiar five-step test for determining disability.

At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 5 of 2021.

At step two, the ALJ concluded that plaintiff had the following severe impairments: First, neuropathy; next, alcoholic liver disease; and third, degenerative disease of the cervical and lumbar spine.

At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairments. In making this determination, the ALJ expressly considered Listings 1.15, dealing with disorders of the skeletal spine; 1.16, dealing with lumbar spinal stenosis; Listing 5.05, dealing with chronic liver disease; and Listing 11.14, dealing with peripheral neuropathy.

Next, the ALJ determined that plaintiff has the residual functional capacity, also referred to as RFC, to perform light work occupations that require no more than frequent stooping, kneeling, crouching, and crawling.

At step four, the ALJ found that plaintiff is unable to perform any past relevant work.

At step five, the ALJ applied the Medical-Vocational Guidelines to determine that plaintiff's postural limitations did not significantly erode the occupational base of light work, so there were jobs existing in significant

numbers in the national economy that plaintiff can perform.

Accordingly, the ALJ found that plaintiff was not disabled from his alleged onset date through the date of the ALJ's decision.

Turning now to the plaintiff's arguments in this appeal. As you know, this court's functional role in this case is limited and extremely deferential. The court must determine whether correct legal principles were applied and whether the determination is supported by substantial evidence, which is defined as such relevant evidence as a reasonable mind would find sufficient to support a conclusion. As the Second Circuit noted in *Brault v. Social Security Administration Commissioner*, that's found at 683 F.3d 443, a 2012 case, therein the Second Circuit stated that this standard is demanding, more so than the clearly erroneous standard. The Second Circuit noted in *Brault* that once there is a finding of fact, that fact can be rejected only if a reasonable factfinder would have to conclude otherwise.

Plaintiff raises two primary contentions in these proceedings.

First, plaintiff argues that the ALJ's RFC determination failed to account for plaintiff's medically determinable mental health impairments.

Second, plaintiff argues that the ALJ erred by

relying on stale consulting opinions and failed to consider objective medical evidence supportive of disability.

The court turns to its analysis, reasoning, and decision.  This court finds that substantial evidence supports the ALJ's evaluation of the evidence addressing plaintiff's physical and mental impairments, including the opinion and testimonial evidence, for the reasons set forth in defendant's brief, and the court also adds the following reasoning and analysis to those arguments.

Addressing plaintiff's first argument, this court finds that the ALJ appropriately considered plaintiff's mild mental health limitations as part of his RFC analysis, even though the ALJ did not include any specific mental health limitations in the RFC determination.

When formulating a claimant's RFC, the ALJ must consider both his severe and nonsevere impairments.  However, an ALJ is not required to include specific RFC limitations corresponding to each of the claimant's nonsevere impairments.

Likewise, the courts in this circuit have consistently found that an ALJ's identification of a mild mental health limitation at step two of the sequential evaluation does not always require a corresponding functional limitation in the RFC.  A very thorough analysis of this topic can be found in District Judge Suddaby's decision in

*Donna L. v. Commissioner of Social Security*, that's found at 5:23-CV-655, and that is a District Judge Suddaby and Magistrate Judge Dancks decision, and that is also found at 2024 WL 3738067, at *2, and that's a Northern District New York August 9, 2024 decision, and therein, the district judge, Judge Suddaby, adopted the report-recommendation by Magistrate Judge Dancks.

In this case, the ALJ found at step two that plaintiff's anxiety, depression, and panic attacks were nonsevere because they caused no more than "mild limitations" in any of the four functional areas.  Those four areas being: One, understanding, remembering, or applying information; two, interacting with others; three, concentrating, persisting, and maintaining pace; and four, adapting or managing oneself.

This two step analysis included a detailed review of plaintiff's mental health records, including a history of conservative mental health treatment administered by his primary care provider during the relevant period, minimal treatment with mental health specialists, a consultative psychiatric examination, and plaintiff's testimony regarding his mental health symptoms.

As part of his separate RFC analysis, the ALJ discussed plaintiff's testimonial assessment of the functional limitations imposed by his anxiety and depression,

the exacerbation of those symptoms by his prescription medication, the available mental health opinions from nonexamining and examining consultants, and relevant mental health examination notes.  At the close of this analysis, the ALJ elected not to include any specific mental health limitations in the RFC determination.

Therefore, this court finds that the ALJ satisfied his requirements to consider plaintiff's nonsevere impairments when formulating the RFC and the ALJ marshaled substantial evidence to support his conclusion that the plaintiff's mental health impairments did not impose any functional limitations not otherwise addressed in the RFC.

Moving now to plaintiff's second argument, the ALJ found the opinions of nonexamining state agency consultants Dr. G. Zito and Dr. C. Krist and the opinion of consultative physical examiner Dr. Rita Figueroa to be persuasive regarding plaintiff's physical RFC.  Plaintiff contends that these opinions, particularly those of Dr. Zito and Dr. Krist, were stale by the time of the ALJ's disability determination because, as plaintiff argues, they did not have access to subsequent treatment notes, particularly imaging reports of plaintiff's lumbar and cervical spine and electromyography studies of plaintiff's upper and lower extremities from early 2023.

The court notes a medical opinion can become stale

*Matthew H. v. Commissioner of Social Security*                    9

if there is a documented deterioration in the claimant's condition or functioning that raises doubts about the opinion's reliability.  Plaintiff contends that these more recent records are supportive of his disability claim, but plaintiff has not demonstrated any material change in his condition after the consulting opinions were issued.

Although the ALJ's decision does not specifically reference these 2023 imaging reports, it does discuss contemporaneously -- contemporaneous, I should say, neurology and rheumatology notes reflecting physician assessments that plaintiff's functioning improved with treatment.  The ALJ also cited plaintiff's activity level during this time period, that included working out at the gym five days per week.  Therefore, any error in not citing specific imaging reports, this court would find, would be harmless.

In large measure, plaintiff's challenges to the ALJ's evaluation of the opinion and testimonial evidence and the resulting RFC determination are premised on a disagreement over how the ALJ resolved arguably conflicting evidence about plaintiff's functional limitations.  It is not sufficient that reasonable parties could interpret the evidence differently, and it is not the function of this reviewing court to reweigh the evidence.  Therefore, this court finds no justification to remand in this case.

As a result, and based upon this analysis,

plaintiff's motion for judgment on the pleadings is denied. Defendant's motion for judgment on the pleadings is granted. Plaintiff's complaint is dismissed, and the Commissioner's decision denying plaintiff benefits is hereby affirmed.

C E R T I F I C A T I O N

I, JODI L. HIBBARD, RMR, CRR, CSR, Official Court Reporter in and for the United States District Court, Northern District of New York, DO HEREBY CERTIFY that I have listened to and transcribed the foregoing proceedings and that the foregoing is a true and correct transcript thereof to the best of my ability.

s/Jodi L. Hibbard

_____

JODI L. HIBBARD, RMR, CRR, CSR
Official U.S. Court Reporter